# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| R.M. Bacon, LLC and Michael Bacon, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-0441-LEK-DJS |
| | ) | |
| SAINT-GOBAIN PERFORMANCE | ) | |
| PLASTICS CORP., and HONEYWELL | ) | Hon. Lawrence E. Kahn |
| INTERNATIONAL INC. f/k/a ALLIED- | ) | |
| SIGNAL INC., | ) | Magistrate Judge Daniel J. Stewart |
| | ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## DEFENDANT SAINT-GOBAIN PERFORMANCE PLASTICS CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

## PRELIMINARY STATEMENT

In this Answer, Saint-Gobain Performance Plastics Corp. ("Saint-Gobain") refers at various points to documents, actions, or statements that the Amended Complaint purports to characterize, selectively quote, or otherwise reference.  In referencing a document, action, or statement in the Amended Complaint, Saint-Gobain does not admit – and expressly preserves all rights to object to, contest, or deny – the authenticity, accuracy, applicability, or admissibility of any such document, action, or statement.

## Response to "INTRODUCTION"

1.      This paragraph is denied.

2.      This paragraph is denied.

3.      This paragraph purports to refer to actions and statements by "Town officials" and the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the

operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

4.      This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this paragraph refers to Saint-Gobain and to the extent a further response is required, this paragraph is denied.

5.      This paragraph is denied.

6.      This paragraph is denied.

### Response to "PARTIES"

7.      Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

8.      Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

9.      This paragraph is denied.

10.     This paragraph is denied.

11.     This paragraph is denied, except that Saint-Gobain admits that it produces high-performance polymer products.

12.     This paragraph relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

13.     This paragraph relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

14.     This paragraph relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

15.     This paragraph relates solely to a Defendant other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

16.     This paragraph is denied except that Saint-Gobain admits that it owns and operates the facilities at 14 McCaffrey Street and 1 Liberty Street.  To the extent this allegation relates solely to a Defendant other than Saint-Gobain, no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

## Response to "JURISDICTION AND VENUE"

17.     This paragraph sets forth a legal conclusion to which no response is required.

18.     This paragraph sets forth a legal conclusion to which no response is required.

## Response to "GENERAL FACTUAL ALLEGATIONS"

### Response to "Background Regarding PFOA"

19.     This paragraph is denied except that Saint-Gobain admits PFOA is a man-made chemical.

20.     This paragraph relates solely to an entity other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

21.     This paragraph relates solely to entities other than Saint-Gobain and therefore no response is required.  To the extent a response is required, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

22.     This paragraph concerns matters that are the proper subject of expert testimony and Saint-Gobain therefore denies the same prior to discovery and the disclosure of any such testimony.

23.     This paragraph is denied to the extent it refers to Saint-Gobain, except that Saint-Gobain admits only that its operations at certain times included the use of polytetrafluoroethylene manufactured by third-party suppliers. To the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

24.     To the extent this paragraph refers to Saint-Gobain, it is denied except that Saint-Gobain admits that PFOA is a compound that repels water.  To the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

25.     This paragraph is denied to the extent it refers to Saint-Gobain.  To the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, Saint-Gobain is without

4

knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

26.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

27.     This paragraph is denied.

28.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

29.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

30.     This paragraph purports to refer to statements by the United States Environmental Protection Agency, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

**Response to "PFOA Use in the McCaffrey Street Facility"**

31.     This paragraph purports to refer to statements by the New York State Department of Health, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, no response is required.  To the extent a response is required, this paragraph is denied.

32.     This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the

extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, no response is required. To the extent a response is required, this paragraph is denied.

33. To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required. To the extent a further response is required, this paragraph is denied.

34. To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required. To the extent a further response is required, this paragraph is denied.

35. To the extent this paragraph refers to Saint-Gobain, this paragraph is denied, except that Saint-Gobain admits that it is the owner and operator of a facility on McCaffrey Street. To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required. To the extent a further response is required, this paragraph is denied.

36. To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required. To the extent a further response is required, this paragraph is denied.

37. This paragraph is denied except that Saint-Gobain admits that at certain times it manufactured water and stain resistant fabric.

38. To the extent this paragraph refers to Saint-Gobain, this paragraph is denied. To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required. To the extent a further response is required, this paragraph is denied.

39.     To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent a further response is required, this paragraph is denied.

40.     This paragraph is denied except that Saint-Gobain admits that operations at the McCaffrey Street facility at certain times included the use of polytetrafluoroethylene manufactured by third-party suppliers for processes other than coating of fabrics.

41.     This paragraph is denied except that Saint-Gobain admits that operations at the plant at certain times included the use of polytetrafluoroethylene manufactured by third-party suppliers for processes other than coating of fabrics.

42.     To the extent this paragraph refers to Saint-Gobain, it is denied.  To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent a further response is required, this paragraph is denied.

43.     To the extent this paragraph refers to Saint-Gobain, it is denied.  To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent a further response is required, this paragraph is denied.

44.     This paragraph purports to refer to statements made and testing carried out by the New York State  DEC, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

45.     To the extent this paragraph refers to Saint-Gobain, it is denied.  To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent a further response is required, this paragraph is denied.

46.     To the extent this paragraph refers to Saint-Gobain, it is denied.  To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent a further response is required, this paragraph is denied.

47.     To the extent this paragraph refers to Saint-Gobain, it is denied.  To the extent this paragraph refers to a Defendant and/or owners or operators of the site other than Saint-Gobain, no response is required.  To the extent a further response is required, this paragraph is denied.

48.     The first sentence of this paragraph purports to refer to statements made and an investigation carried out by the New York State  DEC, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this allegation is denied.  The remaining allegations of this paragraph refer solely to a Defendant and/or entities other than Saint-Gobain, and no response is required.  To the extent a response is required, these allegations are denied.

49.     This paragraph purports to refer to statements and an investigation by the New York DEC, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, no response is required.  To the extent a response is required, this paragraph is denied.

50.     This paragraph purports to refer to statements made and testing conducted by the New York DEC, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, no response is required.  To the extent a response is required, this paragraph is denied.

51.     This paragraph purports to refer to statements made by the New York DEC, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To

the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, no response is required.  To the extent a response is required, this paragraph is denied.

52.     This paragraph purports to refer to statements made and testing conducted by the New York DEC, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent this allegation relates to a Defendant and/or entities other than Saint-Gobain, no response is required.  To the extent a response is required, this paragraph is denied.

**Response to "Public Awareness and Disclosure of Contamination"**

53.     This paragraph is admitted.

54.     Saint-Gobain admits that the Village of Hoosick Falls operates the municipal water system.  Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies same.

55.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

56.     This paragraph purports to refer to statements by the United States Environmental Protection Agencies and other entities, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

57.     This paragraph purports to refer to statements by the United States Environmental Protection Agencies, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

58.     This paragraph is denied except that Saint-Gobain admits it has provided free bottled water to residents of Hoosick Falls and has agreed to fund the installation of a granulated

activated carbon filter system on the municipal water supply to eliminate PFOA from drinking water.

59.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

60.     This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

61.     This paragraph purports to refer to statements by the United States Environmental Protection Agencies, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

62.     This paragraph purports to refer to statements by the State of New York, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

63.     This paragraph purports to refer to statements by "local banks," and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

64.     This paragraph purports to refer to statements by "local banks," and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a response is required, this paragraph is denied.

65.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

66.     This paragraph is denied.

67.     This paragraph is denied.

68.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

69.     This paragraph is denied.

70.     This paragraph purports to refer to testing documents, and Saint-Gobain refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph is denied.

71.     This paragraph is denied.

72.     This paragraph purports to refer to a Consent Order entered into by Defendants, and Saint-Gobain refers the Court to the operative documents for the contents of those documents. To the extent a further response is required, this paragraph is denied.

73.     This paragraph is denied except that Saint-Gobain admits the McCaffrey Street facility has been designated a federal Superfund Site.

74.     This paragraph is denied.

**Response to "Plaintiff R.M. Bacon – Neighborhood Business for 30+ Years"**

75.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

76.     This paragraph is admitted.

77.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

78.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

79.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

80.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

81.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

82.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

83.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

84.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

85.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

86.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

87.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

88.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

89.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

**Response to "Defendants' Destruction of Plaintiff's Business"**

90.     This paragraph is denied.

91.     This paragraph is denied.

92.     This paragraph is denied.

93.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

94.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

95.     This paragraph is denied.

96.     This paragraph is denied.

97.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

98.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

99.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

100.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

101.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

102.     Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

103.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

104.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

105.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

106.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

107.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

108.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

109.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

110.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

111.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

112.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

113.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

114.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

115.    Saint-Gobain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

116.    This paragraph is denied.

**Response to "CAUSES OF ACTION"**

**Response to "FIRST CLAIM FOR RELIEF –**

**Negligent Interference with Prospective Economic Advantage"**

117.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

118.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

119.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

120.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

121.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

122.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

123.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

124.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

125.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

126.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

127.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

128.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

129.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

130.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

131.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

### Response to "SECOND CLAIM FOR RELIEF –

### Intentional Interference with Economic Relationship"

132.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

133.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

134.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

135.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

136.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

137.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

138.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

139.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

140.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

141.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

142.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

143.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

144.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

145.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

146.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

147.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

## Response to "THIRD CLAIM FOR RELIEF –

## Tortious Interference with Business Relationship"

148.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

149.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

150.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

151.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

152.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

153.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

154.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

155.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

156.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

## Response to "FOURTH CLAIM FOR RELIEF –

## Negligence"

157.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

158.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

159.    This paragraph is denied.

160.    This paragraph is denied.

161.    This paragraph is denied.

162.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

163.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

164.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

165.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

166.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

167.    This paragraph is denied.

168.    This paragraph is denied.

169.    This paragraph is denied.

170.    This paragraph is denied.

**Response to "FIFTH CLAIM FOR RELIEF –**

**Negligence Per Se"**

171.    Saint-Gobain incorporates by reference its responses to the previous paragraphs.

172.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

173.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

174.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

175.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

176.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

177.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

178.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

179.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

180.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

181.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

182.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

183.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

184.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

185.    This paragraph concerns a claim for relief that the Court has dismissed with prejudice, and therefore no response is required.

### Response to "PRAYER FOR RELIEF"

Plaintiffs' prayer for relief is denied in its entirety.


### AFFIRMATIVE AND OTHER DEFENSES

The following are defenses that Saint-Gobain may assert based on the facts alleged in the action, or based on facts adduced in discovery.  In disclosing these defenses, Saint-Gobain does not assume any burden of proof not otherwise required by law.  Moreover, Saint-Gobain undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein.  Finally, Saint-Gobain reserves its right to assert further defenses that may become apparent in the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not alleged a physical injury that, as a matter of law, supports a recovery in tort.

## THIRD AFFIRMATIVE DEFENSE

To the extent that the action, including any portion of the claims therein, was not commenced within the applicable statutory time period, it is barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because under New York law Saint-Gobain did not owe a legal duty to Plaintiffs or, if it owed such a duty, did not breach that duty.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Saint-Gobain exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Saint-Gobain proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages in the First Amended Complaint were proximately caused by others, including intervening and/or superseding acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim, in whole or in part, upon which the liability of Saint-Gobain can be predicated on the acts or omissions of a third-party, who was not an agent or employee of Saint-Gobain and for whose acts or omissions Saint-Gobain is not legally responsible, or any other theory of vicarious liability.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Saint-Gobain did not own, operate or otherwise control the McCaffrey Street facility at the time that PFOA or related compounds are alleged to have migrated out of that facility.

## TENTH AFFIRMATIVE DEFENSE

Saint-Gobain denies any negligence, culpable conduct or liability on its part but, if Saint-Gobain ultimately is found liable for any portion of Plaintiffs' alleged damages, Saint-Gobain shall only be liable for its equitable share of Plaintiffs' alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Saint-Gobain cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from any harm allegedly caused by acts or omissions of Saint-Gobain.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged acts or omissions by Saint-Gobain with respect to the operation of the McCaffrey Street facility remedy were dictated by federal and state agencies, overseen and approved or ratified by those agencies, and/or the subject of federal and state statutes and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by the alleged exposure to any PFOA or related compounds for which Saint-Gobain had any responsibility.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that there has not been any actual migration of PFOA or related compounds onto their property.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiff cannot establish that their property has sustained any damage from an actual migration of PFOA or related compounds, or from the alleged stigma associated with his property's proximity to the McCaffrey Street facility.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Saint-Gobain did not know or have reason to know of the alleged nature or toxicity of particular hazardous substances allegedly handled and disposed at the McCaffrey Street facility and that allegedly caused Plaintiffs' injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions by Saint-Gobain, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Saint-Gobain exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the State-of-the-Art Defense.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Saint-Gobain complied with all applicable statutes, regulations, and/or standards.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, including express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies or the executive branch.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to allege an alternative feasible design for the McCaffrey Street facility, including but not limited to the disposal and wastewater systems.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The relief sought in Plaintiffs' First Amended Complaint is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction and/or the doctrine of separation of powers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to exhaust administrative remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose liability based on conduct that Saint-Gobain was required to take by law, consent decrees, regulations, or other governmental pronouncements.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or omissions of Saint-Gobain and to the extent Saint-Gobain could not change its conduct without governmental approval.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because stigma damages are not recoverable absent a physical injury.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, and unclean hands.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised his claims against Saint-Gobain.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to comply with applicable laws, regulations, standards and/or ordinances.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

While denying Plaintiffs have stated any claim, Saint-Gobain states that any alleged damages must be reduced to the extent Plaintiffs failed to mitigate, minimize, or avoid some or all of their alleged damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, and damages, if any, should be limited under New York law, to the extent any fault, negligence, assumption of risk, and other culpable conduct by Plaintiffs caused, proximately caused, or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk, voluntary exposure, and/or other applicable common-law or statutory doctrines apply.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the First Amended Complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or wont of care attributable to others over whom Saint-Gobain neither had nor exercised any control.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, as moot to the extent remediation has already been completed.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the conduct complained of is protected by the First Amendment to the United States Constitution, or to the extent that imposing liability, in whole or in part, on Saint-Gobain would violate the Due Process and/or Equal Protection provisions of the Constitutions of the United States and/or State of New York.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of due process to the extent Plaintiffs rely on statistical evidence to attempt to prove the extent of alleged contamination as the use of such statistical evidence denies Saint-Gobain the ability to present an adequate defense.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which punitive or exemplary damages may be awarded under New York statutory or common law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of New York or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive or exemplary damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive or exemplary damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance

notice as to what conduct will result in punitive or exemplary damages; (3) unconstitutionally may permit recovery of punitive or exemplary damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive or exemplary damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Saint-Gobain; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive or exemplary damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive or exemplary damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Saint-Gobain the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, New York, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, should be dismissed to the extent that Plaintiffs lack standing.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they do not own or possess the requisite legal interest in the properties at issue to assert any or all of their claims.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' request to recover attorneys' fees and expenses is barred, in whole or in part, to the extent recovery is not expressly authorized by New York or other applicable law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have received or may receive some or all of the requested relief from a governmental agency, Saint-Gobain asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have not suffered any cognizable harm and have not incurred any present damages caused by Saint-Gobain, there is no current case or controversy and thus, Plaintiffs' claims are not ripe for adjudication.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack a sufficient legal interest in groundwater to support standing.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Saint-Gobain's conduct caused no physical impact to Plaintiffs' property.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek any relief inconsistent with the applicable State or Federal regulatory schemes for addressing alleged releases of contamination.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part as an impermissible challenge to a remediation action under CERCLA, 42 U.S.C. § 9613(h).

## FIFTIETH AFFIRMATIVE DEFENSE

Any liability for any injury allegedly caused in part by PFOA or related compounds allegedly released from the McCaffrey Street facility during Saint-Gobain's operation of those facilities must be reduced where, and to the extent that, other compounds or circumstances – including releases from other facilities, or releases about which Plaintiffs do not complain – contributed to the alleged injury.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Saint-Gobain is not liable for alleged contamination where chemical compounds other than PFOA or related compounds exceed state actions levels or standards, requiring cleanup regardless of the presence of PFOA or related compounds.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Any alleged injury, damage or loss sustained by Plaintiffs in connection with the subject matter of this action was not reasonably foreseeable.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Some or all of the injury or damages allegedly sustained by Plaintiffs were the product of conduct for which Saint-Gobain cannot have liability to Plaintiffs, since it is lawfully undertaken by Saint-Gobain and its predecessors in the exercise of their rights as owner(s) of real property.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, based on the doctrine of unjust enrichment. This defense includes that Plaintiffs will be unjustly enriched and/or will impermissibly double recover if Plaintiffs are awarded remediation or restoration costs for sites at which Saint-Gobain has paid or is paying for such remediation or restoration. This defense also includes that Plaintiffs will be unjustly enriched by recovering costs from Saint-Gobain where a state or federal authorized fund already exists to address response action pertaining to the release or presence of PFOA or related compounds.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief, if any, are barred because Plaintiff has an adequate remedy at law.

## RESERVATION OF DEFENSES

Saint-Gobain incorporates by reference as if set forth herein in their entirety all applicable defenses set forth in the answers of all other defendants and, further, reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Saint-Gobain hereby demands a trial by jury of all issues so triable.

WHEREFORE, Saint-Gobain demands judgment dismissing Plaintiffs' Amended

Complaint in its entirety, together with costs and disbursements.  Saint-Gobain further demands

such other relief, both general and specific, at law or in equity, to which it is justly entitled.


Dated: March 6, 2018                              Respectfully submitted,

                                                  /s/ *Michael Koenig*
                                                  Michael Koenig (507425)
                                                  Christopher Fenlon (516392)
                                                  **HINCKLEY ALLEN**
                                                  30 S. Pearl Street, Suite 901
                                                  Albany, NY 12207
                                                  Tel: (518) 396-3100
                                                  Fax: (518) 396-3101
                                                  mkoenig@hinckleyallen.com
                                                  cfenlon@hinckleyallen.com

                                                  Sheila L. Birnbaum (505978)
                                                  Mark S. Cheffo (302113)
                                                  Douglas E. Fleming, III (519941)
                                                  Patrick Curran (519940)
                                                  Lincoln Davis Wilson (4680815)
                                                  **QUINN EMANUEL URQUHART &
                                                  SULLIVAN LLP**
                                                  51 Madison Ave.
                                                  New York, New York 10010
                                                  Tel: 212-849-7000
                                                  Fax: 212-849-7100
                                                  sheilabirnbaum@quinnemanuel.com
                                                  markcheffo@quinnemanuel.com
                                                  douglasfleming@quinnemanuel.com
                                                  patrickcurran@quinnemanuel.com
                                                  lincolnwilson@quinnemanuel.com

                                                  *Attorneys for Defendant Saint-Gobain
                                                  Performance Plastics Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 6th day of March, 2018, this document was filed through the

Electronic Case Filing System of the United States District Court for the Northern District of

New York and will be served electronically by the court to the Registered Participants identified

in the Notice of Electronic Filing (NEF).


/s/ *Michael Koenig*
Michael Koenig