UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

R.M. Bacon, LLC and Michael Bacon,

        Plaintiffs,

        v.

SAINT-GOBAIN PERFORMANCE PLASTICS
CORP., and HONEYWELL INTERNATIONAL
INC. f/k/a ALLIED-SIGNAL INC.,

        Defendants.

Civil Action No. 17-cv-441 (LED/DJS)

**DEFENDANT HONEYWELL'S ANSWER TO THE AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

---

    Defendant Honeywell International Inc. ("Honeywell"), by and through its undersigned attorneys, answers the Amended Complaint as follows:[1]

## <u>INTRODUCTION</u>

    1.    To the extent that Paragraph 1 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 and, on that basis, denies the allegations. Honeywell denies the remaining allegations of Paragraph 1.

    2.    To the extent that Paragraph 2 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and, on that basis, denies the allegations. Honeywell denies the remaining allegations as to Honeywell in Paragraph 2.

---

[1] All allegations contained in the Amended Complaint that are not specifically admitted in this Answer are denied.

3.      The allegations in Paragraph 3 reference and purport to characterize statements or actions by Town officials and by the EPA in 2016 without referencing the manner in which such statements were made. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and, on that basis, denies the allegations.

4.      Honeywell admits that the New York State Department of Environmental Conservation (the "DEC") has identified Saint-Gobain Performance Plastics Corporation and Honeywell, or their predecessors, including AlliedSignal, Inc. ("AlliedSignal"), as parties potentially responsible for the presence of PFOA contamination at or from one or more certain former industrial facilities in the Village of Hoosick Falls and the Town of Hoosick. Honeywell denies the remaining allegations in Paragraph 4.

5.      To the extent Paragraph 5 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and, on that basis, denies the allegations. Honeywell denies the remaining allegations of Paragraph 5.

6.      Denied.

## PARTIES

7.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and, on that basis, denies the allegations.

8.      Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and, on that basis, denies the allegations.

9.      The allegations of Paragraph 9 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and on that basis, denies the allegations.

10.     The allegations of Paragraph 10 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and on that basis, denies the allegations.

11.     The allegations of Paragraph 11 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis, denies the allegations.

12.     Honeywell admits that it is a corporation organized under the laws of the State of Delaware and that its principal executive office is located at 115 Tabor Road, Morris Plains, New Jersey.  Honeywell denies the remaining allegations in Paragraph 12.

13.     Honeywell admits that it is a Fortune 100 company with a global workforce of approximately 131,000, that serves a variety of industries, including the chemicals industry. Honeywell denies the remaining allegations in Paragraph 13.

14.     Honeywell admits that Honeywell Inc. was acquired by AlliedSignal in 1999 and that, at the effective time of the acquisition, AlliedSignal retained the Honeywell name. Honeywell denies the remaining allegations in Paragraph 14.

15.     Honeywell admits that Allied Corporation combined with The Signal Companies, Inc. in 1985, adding to Allied Corporation's existing aerospace, automotive and engineered materials businesses. Honeywell admits that part of Allied Corporation's business prior to 1985 related to the manufacture or processing of chemicals. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 and, on that basis, denies the allegations.

3

16.     To the extent Paragraph 16 refers to companies other than AlliedSignal Laminate Systems, Inc. ("AlliedSignal Laminate") or Honeywell, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 that are directed to another company, and, on that basis, denies them. Honeywell admits that AlliedSignal Laminate, or AlliedSignal Laminate's predecessor, operated manufacturing facilities at or around 14 McCaffrey Street, Hoosick Falls, New York at and at or around 1 Liberty Street, Hoosick Falls, New York at certain times. Honeywell denies the remaining allegations in Paragraph 16.

## JURISDICTION AND VENUE

17.     Paragraph 17 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, Honeywell admits that subject matter jurisdiction purports to be based on 28 U.S.C. § 1332. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and, on that basis, denies those allegations.

18.     Paragraph 18 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 that are directed to another Defendant and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 18.

## GENERAL FACTUAL ALLEGATIONS

19.     Honeywell admits on information and belief that PFOA is a man-made substance and denies the remaining allegations in Paragraph 19.

20.     Honeywell admits on information and belief that the Minnesota Mining and Manufacturing Company (3M) manufactured PFOA. Honeywell lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20 and, on that basis, denies the allegations.

21.     To the extent Paragraph 21 refers to companies other than Honeywell, no response is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 that are directed to other companies, and, on that basis, denies those allegations.

22.     Honeywell admits on information and belief that PFOA is one of a group of perfluoroalkyl substances. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 and, on that basis, denies those allegations.

23.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and, on that basis, denies the allegations.

24.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, which fails to identify a specific manufacturer, manufacturing process, facility, or time period in which the alleged processes may have taken place, and, on that basis, denies the allegations.

25.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and, on that basis, denies the allegations.

26.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and, on that basis, denies the allegations.

27.     Denied.

28.     Paragraph 28 references and purports to characterize a 2009 provisional health advisory from the EPA, and Honeywell refers the Court to the provisional health advisory, which

speaks for itself, for a full recitation of its contents. Honeywell denies the remaining allegations in Paragraph 28.

29.     Paragraph 29 references and purports to characterize a May 19, 2016 provisional health advisory from the EPA, and Honeywell refers the Court to the provisional health advisory, which speaks for itself, for a full recitation of its contents. Other than the existence of certain statements in that document, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and, on that basis, denies the allegations.

30.     The allegations in Paragraph 30 reference and purport to characterize and quote statements made by the EPA, and Honeywell refers the Court to those statements for a full recitation of their contents. Other than the existence of certain statements in that document, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and, on that basis, denies the allegations.

31.     The allegations in Paragraph 31 reference and purport to characterize statements of the New York State Department of Health without reference to a particular document containing such statements, or a time or place that such statements were made. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 31 and, on that basis, denies the allegations.

32.     The allegations in Paragraph 32 reference and purport to characterize statements of the New York State Department of Health without reference to a particular document containing such statements, or a time or place that such statements were made. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 32 and, on that basis, denies the allegations.

33.     The allegations in Paragraph 33 reference an entity other than Honeywell, and therefore, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and, on that basis, denies the allegations.

34.     The allegations in Paragraph 34 reference an entity other than Honeywell, and therefore no response is required.  To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and, on that basis, denies the allegations. The remaining allegations in Paragraph 34 refer to the effect and construction of legal instruments, to which no response is required. To the extent a response is required, Honeywell denies the remaining allegations in Paragraph 34.

35.     To the extent that the allegations in Paragraph 35 are addressed to an entity other than Honeywell, no responsive pleading is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to other companies in Paragraph 35 and, on that basis, denies those allegations. Honeywell denies the remaining allegations in Paragraph 35, except admits that AlliedSignal Laminate sold the McCaffrey Street facility to Furon Company in or around 1996.

36.     To the extent that Paragraph 36 refers to other companies, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and, on that basis, denies the allegations. Honeywell denies the remaining allegations of Paragraph 36, except admits on information and belief that operations at the McCaffrey Street facility at certain times may have included surface coating of fabric.

37.     The allegations of Paragraph 37 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required. To the extent a response is required,

Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and, on that basis, denies the allegations.

38.     To the extent that Paragraph 38 refers to other companies, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and, on that basis, denies the allegations. Honeywell denies the remaining allegations of Paragraph 38, except admits on information and belief that operations at the McCaffrey Street facility at certain times included coating fabric by applying a liquid solution containing polytetrafluorethylene (PTFE) manufactured by third-party suppliers.

39.     Honeywell admits on information and belief that operations at the McCaffrey Street facility at certain times while the facility was operated by AlliedSignal Laminate included coating fabric by applying a liquid solution of polytetrafluorethylene (PTFE) manufactured by third-party suppliers. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39 and, on that basis, denies the remaining allegations.

40.     The allegations in Paragraph 40 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and, on that basis, denies the allegations.

41.     The allegations in Paragraph 41 are not addressed to Honeywell and, as such, no responsive pleading on the part of Honeywell is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, on that basis, denies the allegations.

42.     To the extent that Paragraph 42 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and, on that basis, denies the allegations. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 42 as to AlliedSignal Laminate, which do not identify a manufacturing process, disposal process, or time period, and on that basis, denies those allegations.  Honeywell denies the remaining allegations of Paragraph 42.

43.     The allegations in Paragraph 43 concern matters that are the proper subject of expert testimony and, on that basis, Honeywell denies those allegations in Paragraph 43 prior to discovery and the disclosure of any such testimony. In addition, to the extent Paragraph 43 refers to companies other than Honeywell, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 that are directed to another company, and, on that basis, denies them. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43, which do not identify a time period with respect to the alleged processes and, on that basis, denies the allegations.

44.     The allegations in the first sentence of Paragraph 44 reference and purport to characterize test results conducted by the DEC and certain statements of the DEC without reference to a particular document containing such statements, or a time or place that such statements were made. Honeywell refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and as to the accuracy of the test results and reliability of the test methodology and, on that basis, denies the

allegations in the first sentence of Paragraph 44.  Honeywell denies the remaining allegations of Paragraph 44.

45.     To the extent Paragraph 45 refers to another company, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 that are directed to another company, and, on that basis, denies them. Honeywell denies the remaining allegations in Paragraph 45.

46.     To the extent Paragraph 46 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and, on that basis, denies the allegations. On information and belief, Honeywell denies the allegations of Paragraph 46 as to Honeywell.

47.     To the extent Paragraph 47 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and, on that basis, denies the allegations. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47 and, on that basis, denies the allegations of Paragraph 47 as to Honeywell.

48.     Honeywell admits that facilities are or were located at John Street/3 Lyman Street ("John Street Site") and on River Road ("River Road Site") and that the DEC and Honeywell entered into an administrative order on consent, which identifies the John Street Site and the River Road Site as "p-sites."  To the extent that Paragraph 48 purports to characterize the administrative order on consent, Honeywell refers the Court to the administrative order on consent, which speaks for itself, for a full recitation of its contents.  Honeywell denies the remaining allegations in Paragraph 48.

49.     To the extent that Paragraph 49 refers to a company other than Honeywell, no response is required.  Honeywell admits that a facility is located at 1 Liberty Street ("Liberty Street Site") and that the DEC, Honeywell and Saint-Gobain have entered into an administrative order on consent, which identifies the Liberty Street Site as a "p-site."  To the extent that Paragraph 49 purports to characterize the administrative order on consent, Honeywell refers the Court to the administrative order on consent, which speaks for itself, for a full recitation of its contents.  Honeywell denies the remaining allegations of Paragraph 49.

50.     The allegations in Paragraph 50 reference and purport to characterize test results of groundwater sampling reported by the DEC on June 19, 2017, without reference to the manner in which such statements were made or a particular document containing such statements.  Honeywell refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology.  Honeywell denies the remaining allegations in Paragraph 50.

51.     Honeywell admits that a facility is located at 1 Mechanic Street ("Mechanic Street Site") and that the DEC and Honeywell have entered into an administrative order on consent, which identifies the Mechanic Street Site as a "p-site."  To the extent that Paragraph 51 purports to characterize the administrative order on consent, Honeywell refers the Court to the administrative order on consent, which speaks for itself, for a full recitation of its contents. Honeywell denies the remaining allegations of Paragraph 51.

52.     The allegations in the first sentence of Paragraph 52 reference and purport to characterize statements of the DEC without reference to a particular document containing such statements, or a time or place that such statements were made. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first

sentence of Paragraph 52 and, on that basis, denies the allegations, except admits on information and belief that the DEC has designated the Hoosick Falls Landfill as a potential site ("p-site"). The allegations in the second sentence of Paragraph 52 reference and purport to characterize test results of sampling conducted by the DEC. Honeywell refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or information sufficient to form a belief as to the accuracy of the test results and reliability of the test methodology and, on that basis, denies the remaining allegations in Paragraph 52.

53.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and, on that basis, denies the allegations.

54.     Honeywell admits on information and belief that the Village of Hoosick Falls operates a municipal water system.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54 and, on that basis, denies the allegations.

55.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and, on that basis, denies the allegations.

56.     The allegations in Paragraph 56 reference and purport to characterize statements made by the EPA on November 25, 2015 without referencing the manner in which such statements were made.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and, on that basis, denies the allegations.

57.     The allegations in Paragraph 57 reference and purport to characterize statements made by the EPA without identifying the statements or manner in which such statements were

made.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and, on that basis, denies the allegations.

58.     The allegations of Paragraph 58 are not addressed to Honeywell and, as such, no responsive pleading is required. To the extent a response is required, Honeywell admits on information and belief that starting in approximately November 2015, Saint-Gobain provided free bottled water to residents of the Village and Town of Hoosick, and in late 2015 was working to install upgrades to the drinking water treatment system. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58 and, on that basis, denies the remaining allegations.

59.     The allegations in Paragraph 59 reference and purport to characterize actions of a community group, EPA, DOH, and the DEC.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and, on that basis, denies the allegations.

60.     The allegations in Paragraph 60 reference and purport to characterize statements by and correspondence from New York State and state officials on January 14, 2016.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 and, on that basis, denies the allegations.

61.     The allegations in Paragraph 61 reference and purport to characterize statements by  EPA officials. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and, on that basis, denies the allegations.

62.     The allegations in Paragraph 62 reference and purport to characterize statements of Governor Cuomo and the New York State Health Commissioner without referencing the manner in which such statements were made. Honeywell lacks knowledge or information sufficient to

13

form a belief as to the truth or falsity of the allegations in Paragraph 62 and, on that basis, denies the allegations.

63.     The allegations in Paragraph 63 reference and purport to characterize statements made by Kevin Timmons and unidentified banks, without reference to the manner in which such statements were made or a particular document containing such statements.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and, on that basis, denies the allegations.

64.     The allegations in Paragraph 64 reference and purport to characterize statements made by Kevin Timmons, without reference to the manner in which such statements were made or a particular document containing such statements.  Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and, on that basis, denies the allegations.

65.     Honeywell admits on information and belief that the local and/or state governments conducted tests of certain private wells in the Village of Hoosick Falls and Town of Hoosick. Honeywell lacks knowledge or information sufficient to form a belief as to the accuracy of the test results and reliability of the test methodology and, on that basis, denies the remaining allegations in Paragraph 65.

66.     Denied.

67.     Denied.

68.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and, on that basis, denies the allegations.

69.     Denied.

70.     Honeywell admits on information and belief that, on or about June 2, 2016, DOH announced the results of certain blood testing.  Honeywell refers the Court to the test reports, which speak for themselves, for a full recitation of the purported results and testing methodology. Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and as to the accuracy of the test results and reliability of the test methodology and, on that basis, denies the allegations in Paragraph 70.

71.     Denied.

72.     Paragraph 72 references and purports to characterize a June 1, 2016 Consent Order, and Honeywell refers the Court to the Consent Order, which speaks for itself, for a full recitation of its contents. Other than the existence of certain statements in that document, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72, and, on that basis, denies the allegations.

73.     Honeywell admits on information and belief that the McCaffrey Street Site was added to the federal Superfund program's National Priorities List on or around July 31, 2017 and denies the remaining allegations in Paragraph 73.

74.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and, on that basis, denies the allegations.

75.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and, on that basis, denies the allegations.

76.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and, on that basis, denies the allegations.

77.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 and, on that basis, denies the allegations.

78.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 and, on that basis, denies the allegations.

79.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 and, on that basis, denies the allegations.

80.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 and, on that basis, denies the allegations.

81.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81 and, on that basis, denies the allegations.

82.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 and, on that basis, denies the allegations.

83.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 and, on that basis, denies the allegations.

84.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 and, on that basis, denies the allegations.

85.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and, on that basis, denies the allegations.

86.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 and, on that basis, denies the allegations.

87.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 and, on that basis, denies the allegations.

88.     Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 and, on that basis, denies the allegations.

89.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 and, on that basis, denies the allegations.

90.    Denied.

91.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and, on that basis, denies the allegations.

92.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 and, on that basis, denies the allegations.

93.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 and, on that basis, denies the allegations.

94.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and, on that basis, denies the allegations.

95.    Denied.

96.    Denied.

97.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and, on that basis, denies the allegations.

98.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and, on that basis, denies the allegations.

99.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 and, on that basis, denies the allegations.

100.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and, on that basis, denies the allegations.

101.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 and, on that basis, denies the allegations.

102.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 and, on that basis, denies the allegations.

103.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and, on that basis, denies the allegations.

104.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and, on that basis, denies the allegations.

105.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and, on that basis, denies the allegations.

106.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106 and, on that basis, denies the allegations.

107.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 and, on that basis, denies the allegations.

108.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 and, on that basis, denies the allegations.

109.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 and, on that basis, denies the allegations.

110.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 and, on that basis, denies the allegations.

111.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 and, on that basis, denies the allegations.

112.    The allegations in Paragraph 112 reference property records and legal documents for certain property in the Town of Hoosick, and Honeywell refers the Court to those records and documents, which speak for themselves, for a full recitation of their contents. Honeywell lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 112 and, on that basis, denies the allegations.

113.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and, on that basis, denies the allegations.

114.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 and, on that basis, denies the allegations.

115.    Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 and, on that basis, denies the allegations.

116.    Denied.

117.    Honeywell incorporates by reference its responses to paragraphs 1 through 116 as if fully set forth herein.

118.    The allegations in Paragraph 118 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 and, on that basis, denies the allegations.

119.    The allegations in Paragraph 119 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 and, on that basis, denies the allegations.

120.    The allegations in Paragraph 120 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 and, on that basis, denies the allegations.

121.    The allegations in Paragraph 121 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121 and, on that basis, denies the allegations.

122.    The allegations in Paragraph 122 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent that Paragraph 122 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 122.

123.    The allegations in Paragraph 123 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. Further, Paragraph 123 alleges a legal conclusion to which no responsive pleading is required.  To the extent a response is required and to the extent Paragraph 123 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 123.

124.    The allegations in Paragraph 124 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required.  Further, Paragraph 124 alleges a legal conclusion to which no responsive pleading is required.  To the extent a response is required and to the extent Paragraph 124 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations in Paragraph 124 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 124.

125. The allegations in Paragraph 125 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 125 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 125.

126. The allegations in Paragraph 126 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 126 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 126.

127. The allegations in Paragraph 127 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 127 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 127.

128. The allegations in Paragraph 128 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 128 refers to another company, Honeywell

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 128.

129.    The allegations in Paragraph 129 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 129 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 129.

130.    The allegations in Paragraph 130 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 130 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 130.

131.    The allegations in Paragraph 131 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 131 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 131.

132.    Honeywell incorporates by reference its responses to paragraphs 1 through 131 as if fully set forth herein.

133.    The allegations in Paragraph 133 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 and, on that basis, denies the allegations.

134.    The allegations in Paragraph 134 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 and, on that basis, denies the allegations.

135.    The allegations in Paragraph 135 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 and, on that basis, denies the allegations.

136.    The allegations in Paragraph 136 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 and, on that basis, denies the allegations.

137.    The allegations in Paragraph 137 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent that Paragraph 137 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 137.

138.    The allegations in Paragraph 138 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. Further, Paragraph 138 alleges a legal conclusion to which no responsive pleading is required. To the extent a response is required and to the extent Paragraph 138 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 138.

139.    The allegations in Paragraph 139 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required.  Further, Paragraph 139 alleges a legal conclusion to which no responsive pleading is required.  To the extent a response is required and to the extent Paragraph 139 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 139.

140.    The allegations in Paragraph 140 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 140 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 140.

141.    The allegations in Paragraph 141 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 141 refers to another company, Honeywell

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 141.

142.    The allegations in Paragraph 142 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 142 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 142.

143.    The allegations in Paragraph 143 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 143 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 143.

144.    The allegations in Paragraph 144 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 144 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 and, on that basis, denies the allegations.  Honeywell denies the remaining allegations in Paragraph 144.

145.    The allegations in Paragraph 145 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent

a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 and, on that basis, denies the allegations.

146.    The allegations in Paragraph 146 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 146 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 146.

147.    The allegations in Paragraph 147 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell denies the allegations in Paragraph 147.

148.    Honeywell incorporates by reference its responses to paragraphs 1 through 147 as if fully set forth herein.

149.    The allegations in Paragraph 149 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 and, on that basis, denies the allegations.

150.    The allegations in Paragraph 150 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150 and, on that basis, denies the allegations.

151.    The allegations in Paragraph 151 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent

a response is required, and to the extent Paragraph 151 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 151.

152.    The allegations in Paragraph 152 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, and to the extent Paragraph 152 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 152.

153.    The allegations in Paragraph 153 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, and to the extent Paragraph 153 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 153.

154.    The allegations in Paragraph 154 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell denies the remaining allegations in Paragraph 154.

155.    The allegations in Paragraph 155 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required and to the extent Paragraph 155 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 155 and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 155.

156.     The allegations in Paragraph 156 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell denies the remaining allegations in Paragraph 156.

157.     Honeywell incorporates by reference its responses to paragraphs 1 through 156 as if fully set forth herein.

158.     To the extent Paragraph 158 is directed to another company, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 that are directed to another company and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 158.

159.     To the extent Paragraph 159 is directed to another company, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 that are directed to another company and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 159.

160.     To the extent Paragraph 160 is directed to another company, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 that are directed to another company and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 160.

161.   To the extent Paragraph 161 is directed to another company, no response is required. To the extent a response is required, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 that are directed to another company and, on that basis, denies the allegations. Honeywell denies the remaining allegations in Paragraph 161.

162.   Paragraph 162 alleges a legal conclusion to which no responsive pleading is required. To the extent a response is required, Honeywell denies the allegations in Paragraph 162 as to Honeywell and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 as to another company and, on that basis, denies the allegations.

163.   Paragraph 163 alleges a legal conclusion to which no responsive pleading is required. To the extent a response is required, Honeywell denies the allegations in Paragraph 163 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 to another company and, on that basis, denies the allegations.

164.   Paragraph 164 alleges a legal conclusion to which no responsive pleading is required. To the extent a response is required, Honeywell denies the allegations in Paragraph 164 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164 as to another company and, on that basis, denies the allegations.

165.   Paragraph 165 alleges a legal conclusion to which no responsive pleading is required. To the extent a response is required, Honeywell denies the allegations in Paragraph 165 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 165 to another company and, on that basis, denies the allegations.

166.    Paragraph 166 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, Honeywell denies the allegations in Paragraph 166 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166 as to another company and, on that basis, denies the remaining allegations in Paragraph 166.

167.    To the extent Paragraph 167 refers to another company, Honeywell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and, on that basis, denies the allegations.   Honeywell denies the remaining allegations in Paragraph 167.

168.    Honeywell denies the allegations in Paragraph 168 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168 as to another company and, on that basis, denies the allegations in Paragraph 168. Honeywell denies the remaining allegations in Paragraph 168.

169.    Honeywell denies the allegations in Paragraph 169 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 as to another company and, on that basis, denies the allegations in Paragraph 169.

170.    Paragraph 170 is descriptive of purported damages Plaintiffs seek, to which no responsive pleading is required.   To the extent a response is required, Honeywell denies that Plaintiffs are entitled to any damages from Honeywell, and denies the remaining allegations in Paragraph 170.

171.-185.  The allegations in Paragraphs 171 through 185 concern claims for relief that the Court dismissed with prejudice in its February 20, 2018 Order, and therefore no response is required. To the extent a response is required, Honeywell denies the allegations in Paragraphs 171 through 185 as to Honeywell, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to another company and, on that basis, denies the remaining allegations Paragraphs 171 through 185.

## JURY TRIAL AND DEMAND AND PRAYER FOR RELIEF

The remainder of the Complaint consists of a prayer for relief, as to which no response is required.  To the extent a response is required, Honeywell denies any remaining allegations in the Complaint and denies that Plaintiffs are entitled to any relief against Honeywell.  Honeywell denies any allegations not expressly admitted above.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, repose, and/or the equitable defenses of laches.

### THIRD AFFIRMATIVE DEFENSE

Honeywell is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

### FOURTH AFFIRMATIVE DEFENSE

Honeywell denies any liability, but in the event Honeywell is found to have any liability to Plaintiffs, Honeywell is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any

31

of the injuries, costs, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' losses or injuries were caused or contributed to by the intervening acts of third parties.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## SEVENTH AFFIRMATIVE DEFENSE

The relief that Plaintiffs seek, in whole or in part, violates Defendants' constitutional due process rights.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the economic loss rule.

## NINTH AFFIRMATIVE DEFENSE

The claims and/or damages alleged in the Amended Complaint are barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiffs' failure to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or violate the due process protections afforded by the Unites States Constitution and the Constitution of the State of New York, including without limitation the Fifth, Eighth and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, Article I of the New York State Constitution, and other applicable provisions of the Constitution of the State of New York or any other state whose laws may apply.

## ELEVENTH AFFIRMATIVE DEFENSE

Any costs alleged to be incurred in the future may not be recovered as they are remote, speculative, and contingent.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are not amenable to judicial resolution because of the primary jurisdiction doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised or waived their claims against Honeywell.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred by the state-of-the-art doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by Honeywell's compliance with all applicable state and federal laws, standards, and orders.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common-law or statutory doctrine.

## RESERVATION OF DEFENSES

Honeywell adopts all applicable defenses set forth in the answers of all other defendants in this case, except to the extent that they would impose liability on Honeywell and, further, reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiff is permitted to proceed to trial upon any claims for punitive or exemplary

liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Honeywell hereby demands a trial by jury on all issues so triable.

Dated: March 6, 2018                    Respectfully Submitted,

/s/ Elissa J. Preheim
_____

Michael D. Daneker (107356)
Elissa J. Preheim (107355)
Allyson Himelfarb (107357)
**ARNOLD & PORTER KAYE**
**SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Daneker@arnoldporter.com
Elissa.Preheim@arnoldporter.com
Allyson.Himelfarb@arnoldporter.com

*Attorneys for Defendant*
*Honeywell International Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify on this 6th day of March, 2018, this document was filed through the

Electronic Case Filing System of the United States District Court for the Northern District of

New York and will be served electronically by the court to the Registered Participants identified

in the Notice of Electronic Filing (NEF).

/s/ Elissa J. Preheim

Elissa J. Preheim